OCHOA FERTILIZER CORPORATION, Plaintiff and Appellee, *v.* J. OCTAVIO SEIX, ETC., Defendant, and JOSÉ J. BENÍTEZ, Surety and Appellant.

No. 5992.    Argued December 12, 1932.—Decided December 16, 1932.

*González Fagundo & González Jr.* for appellant.    *J. Henri Brown, C. Ruiz Nazario, G. E. González,* and *G. Benítez Gautier,* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

The appellee requests the dismissal of this appeal on the ground that it is frivolous.

In an action brought in the District Court of San Juan by Ochoa Fertilizer Corporation against Octavio Seix, there was attached property of the defendant in order to secure the effectiveness of the judgment that might be rendered in the action. Said attachment was discharged on a bond furnished by José J. Benítez and Arcadia B. Seix. The judgment entered, in the principal sum of $9,516.40, plus interest amounting to $6,408.93 at the rate of 6 per cent per annum from April 30, 1931, remains unsatisfied and is uncollectible as against the defendant.

On motion of the plaintiff the lower court ordered José J. Benítez to appear and show cause why the bond should not be forfeited, and why the judgment should not be executed on his property. Said surety appeared and alleged that the bond was null and void, but the court, through Judge Llauger,

entered an order declaring the bond to be valid, and set another date for the surety to show cause why the judgment rendered in favor of plaintiff should not be executed on the surety's property. The surety failed to appear at the hearing and the court through Judge De Jesús, entered an order decreeing the forfeiture of the bond and directed that the judgment rendered in favor of the plaintiff be executed on property of the surety, José J. Benítez. The latter took the present appeal from said order, and he has presented the transcript of the record and also his brief in support of his appeal. Subsequently a motion to dismiss this appeal has been filed.

The bond giving rise to this appeal in its principal part reads as follows:

"Therefore, we, J. Octavio Seix, as principal, and Arcadia B. de Seix and José J. Benítez as sureties, bind all of our properties, present and future, to answer to the plaintiff corporation for the judgment that may be rendered in this case, with interest thereon and costs; the condition of this obligation is such that if the plaintiff succeeds in all or part of what is claimed in its complaint, this bond shall remain in full force and effect until said judgment shall have been fully paid; otherwise it shall be null and void. San Juan, Puerto Rico, January 4, 1928. (Sgd.) J. Octavio Seix, Principal. (Sgd.) Arcadia B. de Seix, Surety. (Sgd.) José J. Benítez, Surety."

The first two grounds for this appeal refer to the bond, and in their support appellant says that the bond is null and void because the sureties did not bind themselves to pay to the plaintiff in case no property of the defendant was found, and because the bond does not state that it is a solidary obligation, and, assuming any liability on the part of the appellant under said bond, said appellant could be ordered to pay only his proportionate share thereof, and not the full amount.

It is our opinion that the terms of the bond are sufficient to warrant the conclusion that appellant obligated himself, with all of his property, to answer to plaintiff for the judgment that might be rendered in the case in which it was fur-

nished. With respect to the solidarity of the obligation, we will say that it has been decided by this Supreme Court that judicial bonds, such as the one signed by appellant herein, are solidary. *Muriente* v. *Terrasa*, 22 P.R.R. 686.

The other error assigned, similarly as in the case of those already discussed, is nonexistent, for the fact that the judge who issued the order appealed from was not the one who upheld the validity of the bond, does not invalidate the said order.

The appeal must be dismissed as frivolous.